PearsqN, J.
 

 There is error in the refusal to give the instruction prayed for, and in the manner in which the case was left to the jury.
 

 The instruction concedes, that the plaintiff is entitled to recover, if the person accused surrendered himself, in consequence of either force or persuasion used by the plaintiff; but it asserts, that if the man surrendered himself of his own accord, the plaintiff is not entitled to recover. There can be no question of the truth of the proposition asserted; for, if the man surrendered himself of
 
 *364
 
 his own accord, without any force or persuasion on the part of the plaintiff, then he has not performed the ser* vices for which the reward was offered. Indeed, his Honor does not deny the proposition, but refuses “togive the instruction and after reciting what the defendant had conceded, “that it was not necessary for the plaintiff to have brought the man to jail by force, but if he had induced him lo come to jail by persuasion and promises of assistance, it would be the same as if he had used force,” he proceeds to instruct the jury, “that the only evidence, how the man got in jail, was the testimony of the jailor, and they must decide upon that, whether the plaintiff had brought and put him in jail and puts his refusal to instruct the jury, as prayed for, on the ground, that there was no evidence to raise the question.
 

 There is error in thus narrowing down the case, and, in effect, deciding it. The man is in jail — he was induced to come either by force or persuasion used by the plaintiff, or he came of his own accord. There is no evidence, that he came of his own
 
 accord
 
 — ergo, he came by force or persuasion used by the plaintiff.
 

 There is no evidence that the plaintiff had used force to apprehend the man. The testimony of the jailor, although not inconsistent with the idea, that the plaintiff had, by persuasion, induced the man to surrender himself, was, by no means, conclusive of the fact, and did not exclude the idea, thst he had surrendered himself of his own accord. So, the fact, that the surrender was made on Saturday night before Court, was consistent with either view of the case. The same may be said of the other fact, that the man was in the plaintiff’s employment at the time of the homicide. And it seems to us, that there was nearly, if not quite as much, ground for instructing the jury, that there was no evidence that the surrender was made in consequence of persuasion used by the plaintiff, as for the instruction, that there was no evidence
 
 *365
 
 that the man surrendered himself of his own accord. — > That enquiry ought to have been submitted to the jury, with instructions, that the burthen of proof was on the plaintiff; and, in the absence of any proof of an aet done or words used by him, tending to induce the man to surrender himself, if the jury could not satisfy themselves how the fact was, they should find for the defendant.
 

 There is no error upon the question, relative to the letter of McNeil to the Editor of the “Observer.” It was not necessary to prove its contents. It was sufficient to prove, that the defendant had authorised McNeil to offer the reward, and that it was offered. The mode, in which McNeil procured it to be done, was wholly immaterial.
 

 As to the other question, it is only necessary to say, thafc^ in a case depending on well balanced circumstances, the fact, that the man after bis acquittal went to work with the plaintiff, might have had some weight on one side or the other; and in a case of circumstantial evidence, the facts following, as well as those which precede, and those which accompany the act, are sometimes important.
 

 Pur Curiam. There must be a
 
 venire de now*