RUSSELL ET AL. v. CITY OF WILMINGTON ET AL.

(Filed 3 November, 1926.)

1. Rewards—Criminal Law—Evidence—Issues—Questions for Jury.

> Where the proper municipal authorities have offered a reward for the arrest and conviction of the one who has committed a murder, and there is evidence tending to show, and *per contra*, that the plaintiff by persuasion had induced the one afterwards convicted of the offense to go with him in his automobile, and thus delivered the murderer to the municipal authorities: *Held,* the rights of the plaintiff to the reward was properly made to depend upon whether the plaintiff's persuasion had induced the murderer to give himself up, or whether he had otherwise voluntarily done so, the issue to be determined by the jury under conflicting evidence.

2. Appeal and Error—Instructions—Rewards.

> Where the trial judge in his charge considered contextually as a related whole and not disjointedly, correctly and unmistakably instructs the jury as to the plaintiff's right to recover a reward offered for the arrest and conviction of a murderer, it will not be considered as reversible error, that taking the charge disjointedly error may be made to appear.

CIVIL ACTION for reward before *Midyette, J.,* at April Term, 1926, of NEW HANOVER.

On 28 July, 1924, Leon George and Samuel Lilly, officers of the law, were killed in Brunswick County, at about 7:00 o'clock p.m. On 30 July, 1924, the governing authorities of the city of Wilmington passed a resolution "that reward be offered by the city of $500 for the arrest and conviction of the party or parties who committed the murder, and that the acting mayor, Commissioner Thompson, request the Governor to offer an additional reward upon the part of the State, and that a similar request be made to the county commissioners." This offer of

reward was published in the newspaper on 31 July, and was posted in public places in Brunswick County. One of these notices was posted at the store of the plaintiff, Kennedy.

On 30 July Elmer Stewart was arrested and charged with the murder of these two officers. A posse was organized to find C. W. Stewart, father of Elmer Stewart, who, with his son, was suspected of having committed the crime.

The plaintiff, Kennedy, testified "that on Thursday after the killing he sent a message to C. W. Stewart that the best thing for him to do was to surrender." The witness could not state that Stewart ever received this message. The witness further testified: "That night I got a message from C. W. Stewart, in consequence of which, on Friday, I told Mr. Russell (coplaintiff) that Stewart wanted me to take him to Southport to the sheriff." On cross-examination the witness testified: "I got a message from Stewart Thursday night. The message was, he wanted me to come to him and take him to Southport. He did not tell me where to come. He wanted to give himself up, but wanted us to guarantee protection." The witness further testified that the plaintiffs met Stewart in consequence of the message he had sent to them and persuaded him to surrender. Stewart first said "that he didn't know whether he ought to go with us or not, and we talked it over about their having his boy, and I told him it was best for him to go, and that he had just as well get in. While Amos had gone for the gun we were persuading him all the time, and he finally agreed to go if we could protect him from the Wilmington crowd. He was afraid they would hang him." Stewart got in the car with the plaintiffs, and on the way to Southport they met the officers, who took charge of Stewart and lodged him in jail. At the time the sheriff took charge of Stewart he said, "If I am convicted of this charge I want Mr. Kennedy and Mr. Russell to have the reward."

Stewart was thereafter tried for murder, convicted and electrocuted. The plaintiffs testified for the State at the trial.

There was evidence on behalf of defendant tending to show that the officers had had several conversations with plaintiff, Kennedy, and that he had never at any time contended that he had in any way persuaded Stewart to accompany him to Southport.

The sheriff of New Hanover County testified that from the time of the homicide up to the time of the surrender of C. W. Stewart no assistance was given the State by either of the plaintiffs.

The theory of the defendant was that plaintiffs were friends of Stewart and were trying to protect him, and that Stewart, being convinced that escape was impossible, had definitely decided to surrender himself to the officers.

31—192

The following issues were submitted: (1) Were the plaintiffs induced by, and did they in consequence of the reward offered, arrest C. W. Stewart? (2) Did the plaintiffs, after the publication of the reward, effect the arrest of C. W. Stewart? (3) Did the plaintiffs furnish information to the officers or court, or give evidence in the trial, that led to his conviction? The jury answered the first issue, no, and the second issue, no.

From the judgment upon the verdict, plaintiffs appeal.

*C. Ed Taylor for plaintiffs.*
*K. O. Burgwin for defendant.*

PER CURIAM. The terms of the reward provided "for the arrest and conviction of the party or parties who committed the murder." The only question in the case was one of fact, whether or not the plaintiffs arrested Stewart.

The trial judge charged the jury: "If the plaintiffs in this action have satisfied you from the evidence and by its greater weight, the burden being upon them to do so, that they induced or persuaded C. W. Stewart to surrender his body and person to them, and under their persuasion he went to an automobile and got in it with them and went on with them, and they delivered him to the sheriff of Brunswick County, and that was effected and accomplished by persuasion exercised by the plaintiffs over C. W. Stewart, that would be a lawful arrest of C. W. Stewart. If, on the other hand, you find from the evidence in this case that C. W. Stewart voluntarily went with them of his own free will and volition, and was not induced or persuaded by them to do it, why then that would not be an arrest."

At another place in the charge it appears that the trial judge used this language: "Or that they persuaded C. W. Stewart to give himself up, and that in consenting to surrender to the authorities the said Stewart did so *only* upon the persuasion and enticement of plaintiffs."

The plaintiffs insist that the word "only" contained in this charge is error. But in the same paragraph was the following language: "So that if you should find from the evidence that the said Stewart voluntarily surrendered himself of his own free will and accord and it was not in consequence of any force or persuasion used by the plaintiffs, then and in that event, plaintiffs would not be entitled to recover, and you should answer the first two issues, no."

The charge as a whole could not have misled the jury.

In *Currie v. Swindall*, 33 N. C., 361, *Pearson, J.,* says: "There can be no question as to the truth of the proposition asserted; for, if the

man surrendered himself of his own accord, without any force or persuasion on the part of the plaintiff, then he has not performed the services for which the reward was offered."

The rule of law applicable was properly submitted to the jury, and the judgment is sustained.

No error.